UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TARA ANNE YOUNG,

Plaintiff,

v. 1:18-CV-1424 (WBC)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC
Counsel for Plaintiff
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

ELIZABETH HAUNGS, ESQ.
KENNETH HILLER, ESQ.

U.S. SOCIAL SECURITY ADMIN.
OFFICE OF REG'L GEN. COUNSEL – REGION II
Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

VERNON NORWOOD, ESQ.

William B. Mitchell Carter, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 18.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is granted to the extent that it seeks remand, and the Commissioner's motion is denied.

## I. RELEVANT BACKGROUND

**A. Factual Background**

Plaintiff was born in 1969. (T. 194.) She has a Bachelor of Arts in nursing. (T. 661.) Generally, Plaintiff's alleged disability consists of neck injury, back strain, anxiety, and depression. (T. 194.) Her alleged disability onset date is May 21, 2010. (*Id.*) Her date last insured is December 31, 2013. (*Id.*) Her past relevant work consists of nurse and videotape editor. (T. 51, 52.)

**B. Procedural History**

On November 13, 2010, Plaintiff filed a Title II application for a period of disability and disability insurance benefits ("SSD"). (T. 193.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On August 15, 2012 and again on January 8, 2013, Plaintiff appeared before the ALJ, Joseph Schloss. (T. 39-65, 66-84.) On July 15, 2013, ALJ Schloss issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 17-38.) On June 3, 2015, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court. (T. 1227-1262.) While Plaintiff's case was pending, she filed a subsequent Title II application on June 23, 2015. (T. 1311.)

On February 1, 2018, this Court issued a Decision and Order on the 2010 Title II claim, directing remand of the July 15, 2013 unfavorable decision and directed a new decision be issued by August 31, 2018. (T. 1270-1284); *Young v. Berryhill*, No. 1:15-CV-0578, 2018 WL 661414 (W.D.N.Y. Feb. 1, 2018). The AC issued a Notice of Order remanding the case to an ALJ on February 14, 2018. (T. 1286-1290.) The AC Order further consolidated Plaintiff's two claims. (*Id.*)

On June 21, 2018 Plaintiff appeared before the ALJ, Paul Georger. (T. 1149-1184.) On August 22, 2018, ALJ Georger issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 1149-1184.) Thereafter, Plaintiff again timely sought judicial review in this Court.

**C. The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T.1124-1136.) First, the ALJ found Plaintiff met the insured status requirements through December 31, 2013 and Plaintiff had not engaged in substantial gainful activity since Mary 21, 2010. (T. 1124.) Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease of the cervical and lumbar spine with disc herniation and radiculopathy, fibromyalgia, rheumatoid arthritis, a depressive disorder, and an anxiety disorder. (T. 1125.) Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 1126.) Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 C.F.R. § 404.1567(a), because:

> she was able to lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for two hours in an eight-hour workday, and sit for six hours in an eight-hour workday. [Plaintiff] was able to occasionally climb, balance, stoop, kneel, crouch, and crawl as well as occasionally reach in all directions bilaterally. [Plaintiff] was able to tolerate occasional exposure to unprotected heights and moving mechanical parts, extreme heat and cold, humidity and wetness, and dust, odors, fumes and pulmonary irritants, but she was unable to tolerate any exposure to vibration. In addition, [Plaintiff] was able to engage in simple, routine, repetitive tasks and make simple work-related decisions; she was also able to engage in occasional interaction with supervisors, co-workers, and the general public.

(T. 1129.)[1] Fifth, the ALJ determined Plaintiff was unable to perform her past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 1134-1136.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes one argument in support of her motion for judgment on the pleadings. Plaintiff argues the ALJ's finding Plaintiff could perform the sitting requirement of sedentary work was unsupported by substantial evidence. (Dkt. No. 13 at 22-25.) Plaintiff also filed a reply in which she reiterated her original arguments. (Dkt. No. 17.)

### B. Defendant's Arguments

In response, Defendant makes two arguments. First, Defendant argues the ALJ properly assessed Plaintiff's RFC. (Dkt. No. 16 at 13-18.) Second, and lastly, Defendant argues Plaintiff retained the RFC to perform work that exists in significant numbers in the national economy. (*Id*. at 18-21.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a).

Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1)[2]. The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

Here, the ALJ determined Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.967(a) and specifically determined Plaintiff could sit for six hours out of an eight-hour day. (T. 1129.) Plaintiff argues the ALJ's finding Plaintiff could sit for six hours out of an eight-hour day was not supported by substantial evidence. (Dkt. No. 13 at 22-25.) For the reasons outlined below, remand is necessary to resolve conflicts in the medical opinion evidence and to provide a more thorough analysis regarding Plaintiff's ability to sit.

Although the regulations, SSRs, and caselaw provide guidelines regarding the amount of sitting required to perform sedentary work; there are no fixed time parameters. The regulations do not specifically state how many hours of sitting are required in sedentary work. The regulations state, jobs are sedentary if, "walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). SSR 83-10 advises that, when determining whether a plaintiff is capable of sedentary work, "sitting should *generally* total approximately 6 hours of an 8-hour workday." SSR 83-10 (emphasis added).

SSR 96-9 also advises that, to perform sedentary work, a plaintiff:

> must be able to remain in a seated position for *approximately* 6 hours of an 8-hour workday, with a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals. If an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded. The extent of the limitation should be considered in

> determining whether the individual has the ability to make an adjustment to other work.

SSR 96-9 (emphasis added). Although SSRs do not have the same force and effect as law, they are binding on all components of the Social Security Administration in accordance with 20 C.F.R. § 402.35(b)(1). *Banyai v. Berryhill*, 767 F. App'x 176, 178 (2d Cir. 2019), *as amended* (Apr. 30, 2019).

Therefore, the ability to sit for six hours in an eight-hour workday is not an absolute requirement of sedentary work. Under the SSRs, sedentary work "generally" requires "approximately" six hours of sitting, for "approximately" two-hour segments, in an eight-hour workday. *See* SSR 83-10; *see* SSR 96-9. As stated in SSR 96-9, the inability to sit six hours does not eliminate sedentary work, but merely erodes the occupational base. SSR 96-9. Further, the Second Circuit has held the ability to sit for six hours out of an eight-hour workday is not an absolute requirement for sedentary work and the ability to sit for four hours is not necessarily inconsistent with the demands of sedentary work. *Delamater v. Schweiker*, 721 F.2d 50, 52-54 (2d Cir. 1983); *see McIntyre v. Colvin*, 758 F.3d 146, 152 (2d Cir. 2014) (the category of sedentary jobs is large, and the general definition allows of exceptions, in more complex cases a vocational expert may be consulted to determine whether there is other work in the national economy that an individual with the ability to do less than the full range of sedentary work may perform).

Here, the record contained multiple medical source opinions concerning Plaintiff's ability to sit. On December 27, 2010, physical therapist, Susan Brundage, noted Plaintiff had "increased sitting to 40-60 minutes." (T. 545.) On March 1, 2011, consultative examiner, John Simmonds, M.D., examined Plaintiff and opined she could

sit without restriction. (T. 627.) On May 21, 2018, approximately four years after Plaintiff's date last insured, consultative examiner, Hongbiao Liu, M.D., examined Plaintiff and opined she could sit for one hour at a time for a total of four hours in an eight-hour workday. (T. 2193.) The ALJ afforded all the opinions "significant weight." (T. 1133-1134.) Although the ALJ thoroughly summarized the opinions and provided detailed reasoning for affording the opinions weight, the ALJ's written decision provides no additional discussion of Plaintiff's ability to sit.

In general, the ALJ does not have to adopt the entirety of one medical opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."). Further, remand is not necessary merely because the ALJ failed to conduct an explicit function-by-function analysis at step four. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). However, remand may be appropriate where there are "inadequacies in the ALJ's analysis [that] frustrate meaningful review." *Cichocki,* 729 F.3d at 177. For the reasons outlined below, the ALJ's otherwise thoroughly written decision failed to provide sufficient analysis connecting the evidence to his specific determination Plaintiff could sit for six hours.

Although the ALJ summarized the opinion evidence and provided sufficient reasoning to afford the opinions weight, the ALJ's written decision failed to resolve apparent conflicts in the record regarding Plaintiff's ability to sit. *See Richardson v. Perales,* 402 U.S. 389, 399, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of

fact has the duty to resolve that conflict."). The multiple opinions could all be read to support some degree of sedentary work; however, there are conflicts in the record the ALJ failed to resolve.

Dr. Simmons opined Plaintiff had no restrictions in her ability to sit, which supports the ALJ's determination Plaintiff could sit six hours in a workday. (T. 627.) However, the ALJ also afforded significant weight to the opinions of Dr. Liu and Ms. Brundage. Although the opinions provided by Dr. Liu and Ms. Brundage could be read to support sedentary work, their opinions essentially indicated Plaintiff could only sit for an hour at a time for four hours total in a workday and such limitation would erode the occupational base for sedentary work. (T. 545, 2193.) The ALJ's decision does not provide any discussion of Plaintiff's ability to sit. Because the ALJ's finding with respect to Plaintiff's ability to sit cannot be determined based on a reading of the written decision, remand is necessary.

In addition, the ALJ's failure to tie the evidence in the record to Plaintiff's ability to sit, cannot be deemed harmless. At the hearing the ALJ presented three hypotheticals to a vocational expert ("VE"). (T. 1177-1183.) The first two hypotheticals limited Plaintiff to medium work with additional non-exertional limitations. (T. 1179-1182.) The third hypothetical limited Plaintiff to light work with additional non-exertional limitations. (T. 1182.) The ALJ's second hypothetical for medium work contained the additional non-exertional limitations included in his ultimate RFC determination. (T. 1129, 1180.) The occupations provided by the VE in response to the ALJ's second hypothetical included surveillance systems monitor (DOT 379.367-010), telephone switchboard operator (DOT 235.662-022), and usher/lobby attendant (DOT 244.677-014). (T. 1191.)

All three occupations provided by the VE are classified as sedentary by the DOT. DOT 379.367-010, DOT 235.662-022, DOT 244.677-014.

To be sure, if a plaintiff is found able to perform medium work, she can also perform light and sedentary work "unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b), (c). Because the ALJ concluded, without additional reasoning, Plaintiff could perform sedentary work, and specifically could sit for six hours in an 8-hour workday, the court cannot conclude the ALJ's error was harmless.

Plaintiff filed her initial application approximately ten years ago; therefore, the court directs the Commissioner to expedite the remand and review of Plaintiff's case. *McGee v. Berryhill*, 354 F. Supp. 3d 304, 313 (W.D.N.Y. 2018)(stating that "district courts may ... set a time limit for action by the administrative tribunal"); s*ee Young v. Berryhill*, No. 1:15-CV-00578, 2018 WL 661414, at *6 (W.D.N.Y. Feb. 1, 2018)(due to eight year span between application and district court decision, court concluded plaintiff's claim should be considered on an expedited basis); *see Graham v. Berryhill*, No. 16-CV-6787, 2017 WL 5019274, at *4 (W.D.N.Y. Nov. 3, 2017)("Because Graham filed her application nearly four years ago, the Court directs the Commissioner to expedite the remand and review of Graham's case.").

To further assist Plaintiff's claim on an expedited basis, on remand the ALJ need only address her ability to sit based on evidence in the current record. Plaintiff does not argue the ALJ erred at steps one through three of his determination, or in any other findings of his RFC determination. (Dkt. No. 13.) A review of the record and the ALJ's determination indicates the ALJ's assessment of the medical opinion evidence and

other evidence in the record, the ALJ's assessment of Plaintiff's subjective complaints, the ALJ's RFC determination regarding non-exertional limitations, and the ALJ's RFC determination Plaintiff could perform the exertional demands of sedentary work (except for sitting) were proper and supported by substantial evidence in the record. Because Plaintiff's date last insured is December 31, 2013, and this matter was already heard on remand once, the record is complete and sufficient for a determination. On remand the ALJ need only address the medical opinions, and other evidence, in the current record and make a determination on Plaintiff's ability to sit. The remainder of the ALJ's RFC was proper and supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: April 27, 2020

William B. Mitchell Carter
U.S. Magistrate Judge